IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES RUCKER,  )
                     )    2:09-cv-2420-GEB-EFB
      Plaintiff,  )
                     )
   v.  )    ORDER ON DEFENDANT'S SUMMARY
                     )    JUDGMENT OR ADJUDICATION
NATIONWIDE CREDIT, INC.,  )    MOTION[*]
                     )
      Defendant.  )
_____ )

       Defendant Nationwide Credit, Inc. moves for summary judgment on Plaintiff's complaint, and in the alternative for summary adjudication of issues. Defendant also moves for attorneys fees under 15 U.S.C. § 1692k, based on its contention that Plaintiff brought this action in bad faith. Plaintiff does not oppose the portion of the motion challenging two of his claims alleged under 15 U.S.C. § 1692e(11) and § 1692g of the federal Fair Debt Collection Practices Act ("FDCPA"), and "voluntarily withdraws" those claims in his opposition brief. (Pl.'s Opp'n 13:25-14:18.) Therefore, these claims are dismissed.

       Plaintiff alleges in his complaint that Defendant violated the FDCPA and California's Fair Debt Collection Practices Act ("Rosenthal Act"), by harassing him with telephone calls for the purpose of collecting a debt and failing to provide meaningful disclosure of its identity when it called him.

---

[*]    This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I. LEGAL STANDARD

The movant for summary judgment and summary adjudication bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). If this burden is satisfied, "the non-moving party must set forth . . . specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (internal quotation marks omitted). "All reasonable inferences [capable of being drawn from admitted evidence] must be drawn in favor of the non-moving party." Bryan v. McPherson, 590 F.3d 767, 772 (9th Cir. 2009). However, "[m]ere argument does not establish a genuine issue of material fact to defeat summary judgment." MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 518 (9th Cir. 1993).

Further, Local Rule 260 requires:

> Each motion for summary judgment or summary adjudication [to] be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. . . .
>
> Any party opposing a motion for summary judgment . . . [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

E.D. Cal. R. 260 (a)-(b). If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v.

1 Banks, 548 U.S. 521, 527 (2006).

## II. UNCONTROVERTED FACTS

The uncontroverted facts are the following. Plaintiff "began receiving calls [from Defendant] in the early part of 2009;" and "received approximately 80 phone calls . . . from Defendant in 2009." (Pl.'s Statement of Genuine Issues of Material Fact ("Pl.'s Facts") ¶¶ 1, 2.) "Plaintiff also . . . received multiple calls per day from Defendant[.]" Id. "Further, . . . if [Plaintiff] failed to answer his cell phone Defendant would contact his home phone." Id.

Plaintiff had 11 connected telephone calls from Defendant in 2009. Id. ¶¶ 4,5,6. Defendant did not leave a voice message each time it called Plaintiff. Id. ¶ 9.

## III. DISCUSSION

### A. Continuous and Harassing Telephone Calls

Defendant argues it is entitled to summary judgment on Plaintiff's claims in which Plaintiff alleges that Defendant's telephone calls were continuous and harassing, in violation of the FDCPA and the Rosenthal Act. (Compl. ¶¶ 17, 25.)

15 U.S.C. § 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d proscribed conduct includes: "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). The Rosenthal Act prohibits debt collectors from "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called;" and from "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be

unreasonable and to constitute an harassment to the debtor under the circumstances." Cal. Civil Code §§ 1788.11(d)-(e).

"Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." Joseph v. J.J. Mac Intyre Cos., LLC, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002).

> Court opinions differ . . . as to the amount or pattern of calls sufficient to raise a triable issue of fact regarding the intent to annoy, harass, or oppress. Although there is no bright-line rule, certain conduct generally is found to either constitute harassment, or raise an issue of fact as to whether the conduct constitutes harassment[.]

Arteaga v. Asset Acceptance, LLC, --- F.Supp.2d ----, 2010 WL 3310259, at *5 (E.D. Cal. 2010). "Calling a debtor numerous times in the same day, or multiple times in a short period of time, can constitute harassment under the FDCPA" and under the Rosenthal Act. Id.

Here, Plaintiff began receiving calls from Defendant in the early part of 2009, and received approximately 80 phone calls from Defendant in 2009. This evidence is sufficient to create genuine issues of material fact on the issues of whether Defendant's telephone calls violated the proscribed conduct. Therefore, this portion of the motion is denied.

**B. Failure to Provide Meaningful Disclosure**

Defendant also seeks summary adjudication of Plaintiff's claims that Defendant failed to provide meaningful disclosure of its identity when it telephoned Plaintiff without leaving voice messages on Plaintiff's voice message recorder. (Mot. 10:8-11, 15:22-23; Compl. ¶¶ 17, 25.)

15 U.S.C. § 1692d(6) of the FDCPA proscribes "the placement of telephone calls without meaningful disclosure of the caller's identity."

4

1  Further, the Rosenthal Act prohibits: "Placing telephone calls without
2  disclosure of the caller's identity, provided that an employee of a
3  licensed collection agency may identify himself by using his registered
4  alias name as long as he correctly identifies the agency he represents."
5  Cal. Civ. Code § 1788.11(b).

6  Defendant's "failure to leave a message . . . does not by
7  itself violate . . . § 1692d." Clark v. Quick Collect, Inc., No. CV
8  04-1120-BR, 2005 WL 1586862, at *4 (D. Or. 2005) (citing Udell v. Kansas
9  Counselors, Inc., 313 F. Supp. 2d 1135, 1144 (D. Kan. 2004)).

> Section 1692d(6) does not, when read in isolation, specify whether a debt collector who calls a consumer must leave a message when the consumer does not answer the call. When this provision, however, is read in conjunction with the entirety of § 1692d, it is clear that not leaving a message is not the type of harassing, oppressive, or abusive conduct that violates the statute.

14 Udell, 313 F. Supp. 2d at 1144.

15  However, Defendant has not shown that the portion of its
16 motion challenging Plaintiff's claim alleged under section 1788.11(b)
17 should be granted.

18  Therefore, Defendant's motion on these claims is granted on
19 the federal claim and denied on the state claim.

### C. Section 1788.17 of the Rosenthal Act

21  Defendant also argues that its motion should be granted on
22 Plaintiff's section 1788.17 claim, which is alleged under the Rosenthal
23 Act, since Plaintiff lacks evidence demonstrating that Defendant
24 violated the FDCPA. (Mot. 15:24-25.) Plaintiff alleges in his complaint
25 that Defendant violated section 1788.17 "by continuously failing to
26 comply with the . . . FDCPA." (Compl. ¶ 25.) Section 1788.17
27 incorporates violations of the FDCPA and "[t]herefore, claims asserted
28 under the FDCPA constitute violations of the [Rosenthal Act]." Costa v.

1  National Action Financial Services, 634 F. Supp. 2d 1069, 1077 (E.D.
2  Cal. 2007).
3       However, Plaintiff still has claims alleged under the FDCPA
4  that survive Defendant's motion. Therefore, this portion of the motion
5  is denied.

### D. Attorney's Fees

7       Defendant also seeks attorney's fees under § 1692k which
8  provides: "On a finding by the court that an action under this section
9  was brought in bad faith and for the purpose of harassment, the court
10 may award to the defendant attorney's fees reasonable in relation to the
11 work expended and costs." 15 U.S.C. § 1692k(a)(3). However, Defendant
12 has not addressed what the word "action" means as used within the text
13 of § 1692k(a)(3). The Seventh Circuit states in Horkey v. J.V.D.B. &
14 Associates, Inc., 333 F.3d 769, 775 (7th Cir. 2003): "An action in its
15 usual legal sense means a lawsuit brought in a court." Id. (internal
16 quotation marks omitted). Since Defendant has not shown § 1692k should
17 be interpreted as its conclusory argument indicates, this portion of its
18 motion is denied.

### IV. CONCLUSION

20      For the stated reasons, Defendant's summary adjudication
21 motion is GRANTED on Plaintiff's claim that Defendant violated 15 U.S.C.
22 § 1692d(6), and the remainder of the motion is DENIED.

23 Dated:  January 4, 2011

                    _____
                    GARLAND E. BURRELL, JR.
                    United States District Judge